IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANGELO JACOB FERMO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 24-00142-JB-B |
| ) | |
| **U.S. OFFICE OF PERSONNEL MANAGEMENT,** ) | |
| *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This action is before the Court on Defendant, the United States of America, on behalf of its agency the United States Office of Personnel Management (OPM) and OPM employees' ("Defendant"), Motion to Dismiss the Amended Complaint (Doc. 27), Plaintiff's Response (Doc. 34), and Defendant's Reply (Doc. 35). After careful review of the relevant filings and for the reasons stated hereinbelow, Defendant's motion is **GRANTED**.

I.  **Factual and Procedural Background**

On May 3, 2014, Plaintiff, Angelo Fermo ("Fermo") filed a Complaint against the United States for negligence pursuant to the Federal Tort Claims Act ("FTCA"). (Doc. 1). On September 5, 2024, the United States filed a Motion to Dismiss based on lack of subject matter jurisdiction and Plaintiff's failure to state a claim. (Doc. 14). The Court held a hearing on the United States' motion on November 7, 2024. Thereafter, this Court dismissed Fermo's FTCA, Civil Rights Act, American with Disability Act and Declaratory Judgment Act claims. (Doc. 21). With respect to

Plaintiff's constitutional claims, the Court's dismissal was without prejudice so as to allow Plaintiff an opportunity to amend. (*Id*.).

Plaintiff filed his Amended Complaint on January 6, 2025, asserting violations of the Fifth and Fourteenth Amendments of the United Sates Constitution and state constitutional claims. (Doc. 24). Defendant now seeks dismissal of Plaintiff's constitutional claims for lack of subject matter jurisdiction and failure to state a claim. (Doc. 27). The motion has been fully briefed and is ripe for adjudication.

## II. Standard of Review

### A. Federal Rule of Civil Procedure 12(b)(1) [1]

With respect to jurisdiction, this Court should dismiss a claim if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Generally, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). If the Court lacks subject matter jurisdiction, the claim must be dismissed. Fed. R. Civ. P. 12(h)(3). An attack on jurisdiction may be either facial or factual in nature. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008). A facial attack requires the Court to consult the face of the complaint to determine whether it has alleged an adequate basis for jurisdiction, and factual allegations in the complaint are treated as true. *Id*. In contrast, a factual attack challenges the existence of jurisdiction with material that extends beyond the pleadings. *Id*. This is a facial attack because the United States' motion to dismiss does not rely on extrinsic documentation.

---

[1] For the sake of judicial economy and because the parties do not dispute the relevant standard, the Court recites the same directly from Defendant's motion.

### B. Federal Rule of Civil Procedure 12(b)(6)

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations in the light most favorable to the plaintiff and accept the allegations of the complaint as true. *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010). To avoid dismissal, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations and quotations omitted). The Court should not assess "whether a plaintiff will ultimately prevail but" consider "whether the claimant is entitled to offer evidence to support the claims." *Id*. at 583 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 556. "The Supreme Court's Twombly formulation of the pleading standard "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Williams v. Henry*, 2009 WL 3340465, at *2 (S.D. Ala. Oct. 15, 2009) (citations and internal quotations omitted). "A district court may properly dismiss a

complaint if it rests only on 'conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts.'" *Magwood v. Sec'y, Florida Dep't of Corr.*, 652 F. App'x 841, 843 (11th Cir. 2016), *cert. denied sub nom. Magwood v. Jones*, 137 S. Ct. 675 (2017) (quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)).

Relevant here, a pro se litigant's "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam.)

### III.  Analysis

#### A.  Constitutional Claims

The United States contends Plaintiff's constitutional claims are due to be dismissed with prejudice for lack of subject matter jurisdiction (1) pursuant to the Civil Service Reform Act ("CSRA") or (2) based on sovereign immunity.  (Doc. 27).  Alternatively, Defendant argues dismissal is warranted because Plaintiff has failed to state a claim upon which relief can be granted.  (*Id*.).  This Court will address subject matter jurisdiction first. *See, e.g., Ranbaxy Labs. Inc. v. First Databank, Inc.*, 826 F.3d 1334, 1338 (11th Cir. 2016) (noting that courts must address jurisdictional issues before reaching the merits).

The United States argues Plaintiff's claims are subject to the CSRA and not subject this Court's review. (Doc. 27). The CSRA comprises "a comprehensive system for reviewing personnel action taken against federal employees." *United States v. Fausto*, 484 U.S. 439, 455, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). "Outside of Title VII, that comprehensive system provides a federal employee's exclusive route to relief for federal personnel actions." *Wilbur v. United States*, 767 F. App'x 873, 877 (11th Cir. 2019) (citation omitted).  Plaintiff wholly failed to respond to the

4

United States' position that his claims are subject to the CSRA. Nevertheless, the United States' position is compelling warranting dismissal.[2]

Alternatively, Defendant contends dismissal is warranted because Plaintiff is suing the United States or its employees in their official capacities and the United States has not waived its sovereign immunity.[3] Again, Plaintiff has not responded to the arguments presented.

It is well-settled that sovereign immunity must be waived in order to sue the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (a plaintiff may not sue the United States without consent, and that consent is a prerequisite for jurisdiction). Additionally, "[a]n action against a federal employee, operating in his or her official capacity, is an action against the United States." *Boda v. United States*, 698 F.2d 1174, 1176 (11th Cir. 1983).

Here, Plaintiff's Complaint states his action is brought against Valerie Strange in her official capacity, but it is silent as to in what capacity he is suing the other individual employees. Nevertheless, all actions which are the basis of Plaintiff's claims were done by the named individuals in their roles as OPEM employees. Additionally, Plaintiff identifies the employees using their official titles, did not personally serve them, only requested summons on the federal agencies, and alleges that the "OPM employees did not effectively perform their job properly under OPM policies." (Doc. 24). These factors persuade the Court that the employees were sued in their official capacity. *See e.g. Johnson v. United States Dep't of Just.*, 2016 WL 2904986, at *3 (S.D. Ala. Apr. 25, 2016), report and recommendation adopted, 2016 WL 2770881 (S.D. Ala. May

---

[2] Of note, while Plaintiff's Amended Complaint was filed *pro se*, thereafter counsel appeared on behalf of Plaintiff and drafted the subject response brief. (Doc 34).

[3] To the extent Plaintiff's Amended Complaint seeks to claim state constitutional violations, those claims would likewise be subject to sovereign immunity. *See e.g*. *Wellman v. Centers for Disease Control & Prevention*, 2022 WL 880024, at *9 (M.D. Ala. Feb. 22, 2022), report and recommendation adopted, No. 2:20CV813-MHT, 2022 WL 878871 (M.D. Ala. Mar. 23, 2022).

13, 2016), *aff'd sub nom. Johnson v. United States, Dep't of Just.*, 694 F. App'x 748 (11th Cir. 2017) (citations omitted).  Finally, Plaintiff makes no argument that he sued or intended to sue the employees in their individual capacities in his response brief and instead, affirmatively argues he "is entitled to pursue his claims for Constitutional violations by federal officers operating in their official capacities." (Doc. 34).  Accordingly, Plaintiff's constitutional claims are brought against the United States and its employees in their official capacity, requiring a waiver of sovereign immunity to proceed.  Because Plaintiff has failed to point to such a waiver, his constitutional claims are barred by sovereign immunity.[4]  *See Boda,* at 1176 (constitutional claims against federal employees in their official, as opposed to individual, capacities are barred by sovereign immunity).  As a result, this Court lacks jurisdiction necessitating dismissal.[5]

### B. Non-constitutional claims

Plaintiff additionally argues he should be allowed to amend his Complaint to cure his disability discrimination claims and/or mixed-use discrimination claims. (Doc. 34).  First, Plaintiff did not file a motion to amend, so his request – raised only in his response to Defendant's motion to dismiss- is not properly before this Court.  *See Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) (stating that the Eleventh Circuit has "rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend") (citing *Wagner*

---

[4] Plaintiff states that his constitutional claims may be brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396–97, S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971). *Bivens* permits a Plaintiff to seek money damages from a federal officer acting in his or her individual capacity. *Id*. Additionally, *Bivens* remedies do not extend to federal agencies. *See Nalls v. Coleman Low federal Inst.*, 307 Fed.App'x. 296, 298 (11th Cir. 2009). As set forth above, Plaintiff's action is brought against United States Office of Personnel Management and the individual employees in their official capacities.  Regardless, the CSRA precludes the maintenance of job related *Bivens* actions by federal employees*. See Pinson v. Rumsfeld*, 192 F. App'x 811, 819 (11th Cir. 2006).

[5] Given this conclusion, the Court need not reach Defendant's alternative argument that Plaintiff's Amended Complaint should be dismissed for failure to allege sufficient facts to state a plausible claim

*v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)). Nevertheless, liberally considering Plaintiff's request, the Court is not persuaded amendment is warranted.

As an initial matter, this Court has previously permitted Plaintiff to amend his Complaint "only as to those 'constitutional' claims" after a full briefing and hearing took place on Defendant's motion to dismiss with respect to Plaintiff's original Complaint which included statutory claims. (Doc. 21). As such, to the extent that Plaintiff's amended Complaint seeks to state non-Constitutional claims, Plaintiff did not have leave to assert such claims and there is no persuasive argument that a third attempt is warranted. Second, this Court lacks jurisdiction over Plaintiff's constitutional claims as set forth above and Plaintiff's request fails to set forth how a third attempt on those claims would supposedly cure the jurisdictional issues raised by the Defendant. In sum, Plaintiff has already been permitted a second chance to cure the deficiencies in his Complaint after full briefing on two motions to dismiss and not only does his response fail to address Defendant's jurisdictional arguments and fail to properly seek leave to amend, but the Court is not persuaded another opportunity is necessary.[6]

### IV.   Conclusion

For the reasons stated herein above, Defendant's motion (Doc. 27) is **GRANTED.** This action is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.

**DONE and ORDERED** this 17th day of September, 2025.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] The Court additionally adopts those arguments presented by Defendant contained in its motion not specifically addressed herein.